## Case No. 14,509.

### UNITED STATES v. BALTIMORE & O. R. CO.

[8 Int. Rev. Rec. 148; 7 Am. Law Reg. (N. S.) 757; 10 Leg. & Ins. Rep. 377.]

Circuit Court, D. West Virginia.   Aug., 1868.

INTERNAL REVENUE—FAILURE TO AFFIX STAMPS—
BILLS OF LADING—CORPORATIONS—
CRIMINAL LIABILITY.

1. By the act of congress of 1864 [13 Stat. 14], receipts for goods delivered to a common carrier for transportation, being in effect inland bills of lading, were not subject to stamp duty.

2. A corporation is liable to indictment for the act of its officer or employee, in issuing papers which the law requires to be stamped, without the proper stamps, with intent to evade the provisions of the act of congress.

These were indictments numbered from 1 to 54, inclusive, for breaches of the revenue laws of the United States.   Fifty of these indictments were for issuing receipts for goods delivered to the defendant at their depot in Parkersburg, to be transported by them as a common carrier, to different points upon their road; and the remaining four for issuing receipts for moneys paid for tolls and transportation upon the road, without having United States revenue stamps affixed and cancelled.   To all of the indictments the defendant demurred.

George H. Lee, in support of the demurrer.

(1) As to the receipts for freight, in question, at the times they were issued, in 1865 and 1866, upon the true construction of the revenue laws of the United States then in force, such receipts being in legal effect inland bills of lading, were not subject to stamp duty.

(2) As to both classes of receipts, to constitute the offence under the act of congress of unlawfully issuing papers required to be stamped without having the proper stamps affixed, the party issuing must have done so with the unlawful intent to evade the provisions of the act and to defraud the revenue, and such intent on the part of the platform-clerk or agent issuing the receipts for the company, if it existed, could not be imputed to a corporation having no sentient or visible

[1] [Reported by Hon. John McLean, Circuit Justice.]

tangible being, and existing only in contemplation of law; but the clerk, or agent himself only, and not the corporation as such, could be held criminally responsible for the unlawful act.

Mr. Smith, Dist. Atty., contra.

By direction of the court the argument was confined, at this stage of the case, to the first point.

CHASE, Circuit Justice of the United States, after consultation, stated his opinion to be, that at the time the freight receipts in question were issued they were not subject to stamp duty under the acts of congress then in force, and that the demurrers to the indictments upon them would have to be sustained.

JACKSON, District Judge, stated that his first impression was that the terms of the act of 1864 were sufficiently comprehensive to embrace receipts for goods delivered to a common carrier for transportation, and to subject them to stamp duty; but that since he had heard the argument of the counsel, and had come to construe the act of 1864, in connection with the several other acts of congress in pari materia, his views had undergone a change, and if the question were now to be decided, he should not dissent from the opinion of the chief justice to sustain the demurrers. He added, however, that if the counsel so desired, division of opinion between the judges might be entered pro forma upon the record, so that the cases might be taken to the supreme court of the United States.

CHASE, Circuit Justice, said that upon the second point made by Mr. Lee for the demurrer, both the district judge and himself were inclined to think the demurrer could not be sustained, but that they were willing to hear argument upon it if necessary, or desired.

Upon this intimation of opinion, however, the cases were settled by counsel.